United States District Court
Southern District of Texas
**ENTERED**
June 15, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ALEXIS DAVID GONZALEZ GONZALEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01008** |
| | § | |
| **WARDEN,** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER**

Pending before the Court is Petitioner Alexis David Gonzalez Gonzalez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on May 29, 2026, and accompanying Memorandum. (Dkts. 1, 2.) Petitioner is a native and citizen of Mexico who entered the United States as a young child and began living in the United States. (*See* Dkt. 1 at 7; Dkt. 2 at 1; Dkt. 9 at 2.) Petitioner was later arrested for driving without a license, and he was taken into ICE custody on March 11, 2026. (*See* Dkt. 1 at 7; Dkt. 2 at 1; Dkt. 9 at 2.) He is currently in custody at the Webb County Detention Center in Laredo, Texas. (Dkt. 1 at 2; Dkt. 2 at 1.) Respondents allege that Petitioner is detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as noncitizen who entered the United States without inspection. (Dkt. 9 at 1.) Petitioner alleges that he is being unlawfully detained by ICE in violation of the Due Process Clause of the Fifth Amendment. (Dkt.

1 at 7–8.) He asks the Court to order release from custody or a meaningful custody review. (*Id*. at 8.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508.

The Court ordered the Respondent to respond to Petitioner's petition on or before June 8, 2026. (Dkt. 6.) The United States of America ("Intervenor") filed a Motion to Intervene, (Dkt. 8), which was granted on June 9, 2026. (Dkt. 10.) Intervenor filed a timely Motion for Summary Judgment, (Dkt. 9), addressing Petitioner's claims in light of the decision in *Buenrostro-Mendez*. Petitioner later filed a reply, (Dkt. 13), arguing continued detention when he does not pose a danger or a flight risk violates his due process rights. (Dkt. 13 at 3.) Upon review of Petitioner's claims, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475, at *1 (S.D. Tex. Feb. 20, 2026) and *Strunin v. Garcia*, 2026 WL 958952, at *1 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioners' detention by ICE violated their rights under the Due Process Clause.

Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Intervenor's Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 9), is **DENIED**.

1. Intervenor is **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2. Intervenor must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

3. Intervenor must provide Petitioner with a printed copy of this Order granting his habeas petition and ordering his release from custody.

4. If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this June 15, 2026.

Diana Saldaña
United States District Judge